# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BORIS CAICEDO,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HOME DEPOT USA, INC.,<br><br>　　　　　　　　Defendant. | ECF CASE<br><br>CIVIL CASE NO.: 1:21-CV-2219<br><br>**SUMMONS** |

**To the Defendant named above:**

HOME DEPOT USA, INC.

A lawsuit has been filed against you.

Within 20 days after service of this Summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the Plaintiff(s) an Answer to the attached Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The Answer or motion must be served on the Plaintiff(s) or Plaintiff(s) attorney, whose name and address is:

**LIAKAS LAW, P.C.**
**65 BROADWAY, 13th FL**
**NEW YORK, NEW YORK 10006**

　　　　If you fail to respond, judgement by default will be entered against you for the relief demanded in the Complaint. You must also file your Answer or motion with the Court.

Dated: April 22, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　CLERK OF THE COURT

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Signature of the Clerk or Deputy Clerk

Name and Address of Defendant to be served:

HOME DEPOT USA, INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BORIS CAICEDO, | ECF CASE |
| Plaintiff, | CASE NO.: 1:21-CV-2219 |
| vs. | **COMPLAINT** |
| HOME DEPOT USA, INC., | |
| Defendants. | |

Plaintiff, by his attorneys, LIAKAS LAW, P.C., complaining of the defendant herein, respectfully shows to this court and alleges as follows:

1. That Plaintiff, **BORIS CAICEDO,** at all times herein mentioned, was and still is a resident of the County of Kings, City and State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, Defendant **HOME DEPOT USA, INC.,** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was and is a business entity duly organized and existing under and by virtue of the laws of the State of Delaware.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

6. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, conducted business and maintained offices within the State of New York.

7. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** was and still is a foreign business corporation, duly authorized to do business in the State of New York.

8. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** maintained its corporate headquarters in Atlanta, Georgia.

9. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** committed a tortious act within the State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** regularly does, or solicits, business in the State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT USA, INC.,** expected or should have reasonably expected its acts to have consequences in the State of New York.

13. That on April 4, 2021, and at all times hereinafter mentioned, and upon information and belief, there existed a Home Depot upon the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

14. That on April 4, 2021, and at all times hereinafter mentioned, and upon information and belief, there existed a Home Depot upon the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

15. That on April 4, 2021, and at all times hereinafter mentioned, and upon information and belief, the Home Depot Store located upon the 579 Gateway Drive, in the County of Kings, City and State of New York was also known as Store #6152.

16. That upon information and belief, and at all the times herein mentioned, the Defendant, **HOME DEPOT USA, INC.,** owned the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

17. That upon information and belief, and at all the times herein mentioned, the Defendant, **HOME DEPOT USA, INC.,** was the lessee or lessor of the premise located at 579 Gateway Drive, in the County of Kings, City and State of New York.

18. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, managed the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

19. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, managed the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

20. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, maintained

the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

21. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, controlled the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

22. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, supervised the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

23. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, inspected the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

24. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, repaired the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

25. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, designed the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

26. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, constructed

the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

27. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **HOME DEPOT USA, INC.,** and Defendant's agents, servants and/or employees, were under a duty and obligation to maintain the premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

28. That on or about April 4, 2021, the Plaintiff**, BORIS CAICEDO,** was lawfully upon the aforesaid premises located at 579 Gateway Drive, in the County of Kings, City and State of New York.

29. That on April 4, 2021, and at all times hereinafter mentioned, Plaintiff was lawfully inside the aforementioned premises known as Home Depot Store #6152.

30. That on or about April 4, 2021, Plaintiff, **BORIS CAICEDO,** was caused to slip and fall due to a slippery, wet, greasy and/or otherwise defective and hazardous condition of the aforesaid premises.

31. That this occurrence was caused by reason of the negligence, carelessness and recklessness of the Defendant, and/or Defendant's agents, servants and/or employees, in the ownership, management, maintenance, supervision, inspection, repair, control, design and construction of the aforesaid premises located at 579 Gateway Drive, in the County of Kings, City and State of New York; in creating said dangerous, defective and hazardous condition; in failing to properly inspect, remedy and/or remove said dangerous condition.

32. That Defendant, herein, was negligent, reckless and careless in that they violated and breached their duties to persons at the aforesaid premises, and particularly to this Plaintiff, **BORIS CAICEDO,** by knowingly permitting and allowing a dangerous, trap-like condition to be

present at the aforesaid premises, by permitting and allowing the aforesaid premises to be, become and remain in a defective and unsafe condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully at the aforesaid premises.

33. That the aforesaid accident and the injuries resulting therefrom were due, solely and wholly, as the result of the careless and negligent manner in which the Defendant owned, managed, maintained, controlled, supervised, inspected, repaired, designed and constructed the aforesaid premises, without the Plaintiff contributing in any way thereto.

34. That by reason of the foregoing and the negligence of the Defendant, the Plaintiff, **BORIS CAICEDO,** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "34", as if the same were fully herein after set forth at length.

36. That Defendant's conduct as earlier described was negligent and careless in *inter alia*:
    a. Failing to take proper precautions for the safety and wellbeing of Plaintiff;
    b. That the defendant was negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, vendors, etc.;
    c. Failing to adopt appropriate procedures for the protection of its invitees/patrons/guests, including Plaintiff;
    d. Negligence at law.

37. That the defendant should have known that its failure in such regards would cause harm.

38. That by reason of the foregoing, the Plaintiff, **BORIS CAICEDO,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor, for medicines, and upon information and belief, the Plaintiff, **BORIS CAICEDO,** will necessarily incur similar expenses.

39. That by reason of the foregoing, the Plaintiff, **BORIS CAICEDO,** has been unable to attend to his usual occupation in the manner required.

40. That one or more of the provisions of Section 1602 of the Civil Practice Law and Rules do apply to the within action.

41. That by reason of the foregoing, Plaintiff, **BORIS CAICEDO,** was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which jurisdiction would otherwise have herein, in an amount to be determined upon trial of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) demand that the following judgments in favor of the Plaintiff(s), **BORIS CAICEDO**, awarding damages against the Defendant(s) for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident, to each Plaintiff in excess of $75,000 individually, including the following:

 a. actual, compensatory and statutory damages;
 b. punitive damages as allowed by law;
 c. pre and post-judgement interest as allowed by law;
 d. injunctive relief;
 e. an award of attorneys' fees as allowed by law;
 f. an award of taxable costs; and
 g. any and all such further relief as this Court deems just and proper

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b)(1) and 38 (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
April 22, 2021

                                          Respectfully,

                                          LIAKAS LAW, P.C.
                                          *Attorneys for Plaintiff*

                                          /s/ Stephen J. Liakas, Esq.
                                          By: Stephen J. Liakas, Esq.
                                          65 Broadway, 13th Floor
                                          New York, New York
                                          (212) 937-7765
                                          SL@Liakaslaw.com